**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

XUEJUN ZHAO,

               Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 09-73930

Agency No. A099-706-871

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

The stay in these proceedings expired on January 11, 2016. Thus,

respondent's motion to end the abeyance period (Docket Entry No. 35) is denied as

moot.

Xuejun Zhao, a native and citizen of China, petitions pro se for review of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of Zhao's CAT claim because Zhao failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Thus, we deny the petition for review as to Zhao's CAT claim.

As to Zhao's family planning claim, substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Zhao's statements and his documentary evidence regarding his wife's abortion. *See Shrestha*, 590 F.3d 1034 at 1048; *Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (inconsistencies between testimony and documentary evidence supported adverse credibility determination). In the absence of credible testimony, Zhao's asylum and withholding of removal claims based on China's family

planning policy fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

As to Zhao's whistleblowing claim, substantial evidence does not support the agency's conclusion that Zhao failed to establish one central reason for his mistreatment by Chinese authorities was his actual or imputed political opinion. *See Hu v. Holder*, 652 F.3d 1011, 1018-20 (9th Cir. 2011). Thus, we grant the petition for review, and remand Zhao's asylum and withholding of removal claims based on whistleblowing to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**